IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH HOYD,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:18-CV-20 TS<br>Criminal Case No. 2:16-CR-177 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

## I. BACKGROUND

On April 13, 2016, Petitioner was charged with possession of methamphetamine with intent to distribute. On July 26, 2016, Petitioner pleaded guilty. On January 9, 2017, Petitioner was sentenced to 84 months in the custody of the Bureau of Prisons. Judgment was entered on January 12, 2017. Petitioner filed a direct appeal, which was dismissed at his request on May 23, 2017. Petitioner timely filed the instant Motion on January 8, 2018.

## II. DISCUSSION

Petitioner's Motion raises claims of ineffective assistance of counsel. Petitioner argues that counsel was ineffective for failing to: (1) provide Petitioner with a copy of the Presentence Report prior to sentencing; (2) object to the two-level enhancement for possessing a firearm; (3)

1

object to the computation of Petitioner's criminal history; and (4) safeguard Petitioner's best interests.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[3] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[4] Finally, "[t]here is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[5]

A.  PRESENTENCE REPORT

Petitioner first argues that his counsel was ineffective by failing to provide him with a copy of the Presentence Report prior to sentencing. Petitioner's claim is belied by the record. At

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[5] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

sentencing, the Court asked counsel whether he had reviewed and discussed the Presentence Report with Petitioner. In response, counsel stated that he and Petitioner had "reviewed the report thoroughly."[6] The Court then asked Petitioner whether he had a sufficient amount of time to discuss the Presentence Report with his counsel, to which Petitioner responded, "I think so, Your Honor."[7]

Based upon the evidence in the record, the Court cannot find that counsel's performance was deficient. Counsel represented to the Court that he had thoroughly reviewed the Presentence Report with Petitioner and Petitioner confirmed that he had sufficient time to discuss the Presentence Report with counsel. Even if Petitioner could demonstrate that counsel's performance was somehow deficient, he has failed to demonstrate prejudice. Petitioner has failed to show that the sentencing proceeding would have been different had counsel spent additional time discussing the Presentence Report with him. Therefore, the Court rejects Petitioner's argument.

B.  DANGEROUS WEAPON ENHANCEMENT

Petitioner next argues that his counsel was ineffective by failing to object to the two-level enhancement for possession of a dangerous weapon. The Presentence Report included a two-level enhancement for possession of a dangerous weapon. United States Sentencing Guideline ("USSG") Section 2D1.1(b)(1) calls for a two-level increase if a dangerous weapon was possessed. The government has the initial burden of proving possession by a preponderance of

---

[6] Case No. 2:16-CR-177 TS, Docket No. 69, at 3.
[7] *Id.*

3

the evidence.[8]  "The government may satisfy this burden by showing 'that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.'"[9] "Generally, the government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred."[10]  "Once the government satisfies this initial burden, the defendant may overcome it only if he establishes 'that it is clearly improbable the weapon was connected with the offense.'"[11]

The undisputed facts of the Presentence Report showed that a firearm was located in the trunk of the vehicle, which also contained the methamphetamine for which Petitioner was convicted.  The truck was accessible from the back seat of the vehicle.  In addition, officers found a number of knives in the vehicle in the same general location as other drugs and drug paraphernalia.  Based upon these facts, the government met its initial burden of proving the application of the enhancement.  Petitioner asserts that he did not know anything about the firearm and that his co-defendant took full responsibility for it.  Petitioner fails to provide any evidence to support his claim.  Moreover, he has failed to show that it is clearly improbable that the weapon was connected with the offense.  The fact that the co-defendant may have also possessed the firearm does not make it clearly improbable that the weapon was connected with the offense.  "The enhancement applies when a co-defendant possessed a firearm, so long as

---

[8] *United States v. Pompey*, 264 F.3d 1176, 1180 (10th Cir. 2001).

[9] *Id.* (quoting *United States v. Roederer*, 11 F.3d 973, 982 (10th Cir. 1993)).

[10] *Roederer*, 11 F.3d at 983 (quoting *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991)).

[11] *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1185 (10th Cir. 2004) (quoting *Pompey*, 264 F.3d at 1181).

possession was reasonably foreseeable to the defendant."[12] Given the presence of drugs, drug paraphernalia, and various other weapons in the vehicle, the Court concludes that the possession of a firearm was reasonably foreseeable and Petitioner has not provided evidence otherwise. Additionally, Petitioner's argument fails to address the other dangerous weapons found in the vehicle, each of which could independently support application of the enhancement even without the firearm. Therefore, the Court cannot conclude that counsel was ineffective by failing to object to the inclusion of this enhancement in the Presentence Report.

C.  CRIMINAL HISTORY CALCULATION

Petitioner also argues that his counsel was ineffective for failing to object to the Presentence Report's criminal history calculation. The Presentence Report concluded that Petitioner had five criminal history points, resulting in a criminal history category of III. These points were based on two sets of convictions for which Petitioner was sentenced on February 29, 2008. Petitioner argues that counsel should have objected because the sentences were ordered to run concurrently and were served in a community-based treatment, not a penal institution.

Petitioner appears to be making two separate arguments. First, Petitioner appears to argue that these sentences should not have been counted separately. The Guidelines make clear that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest."[13] Here, though the sentences were imposed on the same date and were order to run concurrently, the offenses were separated by an intervening arrest. Petitioner was arrested for the charges contained in Paragraph 38 on July 4, 2007, while

---

[12] *United States v. Foy*, 641 F.3d 455, 470 (10th Cir. 2011).

[13] USSG § 4A1.2(a)(2).

he was arrested on the charges contained in Paragraph 39 on September 22, 2007. Thus, both sentences were properly counted separately and Petitioner's counsel was not ineffective for failing to object on this ground.

Petitioner next argues that the sentences should not have been counted because he was sentenced to a community-based treatment center. Petitioner appears to be arguing that these sentences are not a "sentence of imprisonment" under the Guidelines. The Guidelines define "sentence of imprisonment" as a "sentence of incarceration."[14] The Tenth Circuit has noted "that physical confinement is a key distinction between sentences of imprisonment and other types of sentences."[15] Importantly, however, "[t]he guidelines make no distinction between offenders incarcerated primarily for rehabilitation and those incarcerated simply to remove the offender from society."[16]

Here, Petitioner was committed to the Montana Department of Corrections "to be placed in an appropriate community based program, facility or a State Correctional Institution, for custody, care and treatment."[17] Petitioner was then placed in various facilities until he was released.[18] Petitioner has failed to demonstrate that he was not incarcerated in these facilities. While he may have been placed in certain institutions for treatment, the Guidelines do not distinguish between offenders incarcerated for rehabilitation and those incarcerated for other purposes. Regardless of where he was housed and the reasons why he was housed there,

---

[14] USSG § 4A1.2(b)(1).

[15] *United States v. Vanderlaan*, 921 F.2d 257, 259 (10th Cir. 1990).

[16] *Id.*

[17] Docket No. 1 Ex. A.

[18] *Id.* Ex. B.

6

Petitioner was not free to leave.  Therefore, Petitioner has failed to demonstrate that counsel's performance was constitutionally deficient for failing to object to the Presentence Report's calculation of his criminal history.

D.      FAILURE TO SAFEGUARD PETITIONER'S INTERESTS

Finally, Petitioner argues that counsel was ineffective in failing to safeguard his best interests and advising him to sign a plea agreement that contained a waiver of Petitioner's right to appeal.  As with Petitioner's other claims, this claim is without support in the record.  The record reveals that counsel performed admirably, obtaining a sentence far below the guideline range calculated in the Presentence Report.  Additionally, counsel was able to secure certain concessions from the government in the plea agreement and thereafter.  These concessions would not have been forthcoming without the presence of the appeal waiver in the plea agreement.  Moreover, Petitioner has failed to demonstrate prejudice.  He has failed to show any potentially viable basis for appeal.  Indeed, Petitioner's direct appeal was dismissed at his request.  Therefore, this claim fails.

III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:18-CV-20 TS) is DENIED.  It is further

ORDERED that Petitioner's Motion to Appoint Counsel (Docket No. 2 in Case No. 2:18-CV-20 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 24th day of April, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge